Opinion of the Court.
ON the 9th of May 1817, M’Connell executed a note to Allen Davis, for five hundred and forty-two dollars and ninety-five cents, negotiable and payable, two years after date, at the office of discount and deposit of the Bank of the United States in Lexington. On the 14th of May 1819, Morrison, as the assignee of Davis, to whom the note was made payable, brought suit on the note against M’Connell, in the Fayette circuit court. M’Connell pleaded three pleas. By the first, he says the plaintiff, Morrison, his action ought not to have and maintain, because, he says, that the note in the petition mentioned was, on the day of the date thereof, endorsed by the said Allen Davis to the president and directors of the Kentucky Insurance Company, and then and there delivered over to the said corporation, to be held by the said corporation, to secure a debt then and there owing the said corporation ; and whilst the said corporation so held the said note, and before the assignment thereof to the plaintiff, and at the date of the said supposed assignment, the said defendant, M’Connell, purchased six several notes of one hundred dollars each, on the said corporation, three of which bear date the 16th of December 1816, and three others of which bear date the 14th of January 1814, and all of which were payable on demand, and are to the court herewith shown ; and the defendant avers he held the said notes last mentioned, all of which were duly issued by the said corporation, and had been demanded and unpaid at the time of the supposed assignment ; wherefore, the said Insurance Company was then and there indebted to the defendant in the sum of six hundred dollars, and the said several notes yet remain unpaid, and this he is ready to verify ; and out of the said several sums of money, in all amounting to six hundred dollars, he offers to *207 set off so much as the sum specified in, and due on the said note in the petition mentioned, &c.
Statement of the case.
The second plea alleges, that the note in the petition mentioned was made by the defendant and endorsed by the said Davis to the president and directors of the Kentucky Insurance Company, for the purpose of securing to the said president and directors and company so much money due to them from the said Davis, and was delivered to the said president, directors and company for their sole use, and for no other or further purpose, and never was assigned, endorsed or delivered by this defendant, or the said Davis, to the said Morrison ; and this he is ready to verify, &c.
The third plea alleges, that the note in the petition mentioned was made by the defendant without any other or further consideration or intent, than to secure the president and directors of the Kentucky Insurance Company so much money, in satisfaction of a debt then owing by the said Davis to that institution, and was endorsed in blank and delivered over to the said institution by its proper officers, for the purpose aforesaid, and never was by this defendant, or the said Davis, or the president and directors of the Kentucky Insurance Company, or any other person lawfully authorised, assigned, endorsed, sold or delivered to the plaintiff ; but was fraudulently and surreptitiously obtained by a certain James Prentiss, and delivered by him to the said Morrison, without the order, privity or consent of the said president and directors, and by the said Morrison or his attorney filled up and assigned to the said Morrison, without the knowledge or assent of said Davis, or the said president and directors, or this defendant ; and this he is ready to verify, &c.
To these several pleas Morrison demurred, and the demurrer to each plea was sustained by the court, and judgment rendered against M’Connell for the amount of the note, with interest. To reverse that judgment, this writ of error has been prosecuted by M’Connell, with supersedeas.
The assignment of errors questions the correctness of the decision of the court on the demurrer to the pleas.
1. Each of the two latter pleas, we apprehend, contains sufficient matter to bar the plaintiff, Morrison's action. Each, in substance, denies that the note was *208 ever assigned to Morrison ; and to an action brought in the name of an assignee, it has been heretofore held, and no doubt held correctly, that the defendant, by a plea in bar, may traverse or deny the assignment of the note to the plaintiff. The only difference between those pleas, consists in the manner of pleading the same matter of defence. The first is more general in denying the assignment, than the latter ; but the latter, after stating the circumstances under which the assignment was made to Morrison, expressly denies that it was made either by Davis or any other person lawfully authorised. The demurrer to each of those pleas should, therefore, have been overruled.
A plea denying the assignment of the note, is a good plea in bar to a suit brought by the assignee.
A plea of set-off, ought to allege the debt sought to be set off, to have been owing to the defendant at the commencement of the action, and still owing at the time of the plea pleaded.
2. But we suppose the demurrer to the first plea was properly sustained. Were it even conceded, that a debt upon the Kentucky Insurance Company might be set off against the debt for which this suit is brought, the first plea cannot be admitted sufficient for that purpose. To be available as a set-off, the Insurance Company must have been indebted to the defendant at the commencement of this action ; and the most approved precedents, not only always allege the debt sought to be set-off, to be owing at the commencement of the action, but they also charge the debt to be still owing. But the plea in question contains no such allegations. The plea barely alleges, that at the time of the supposed assignment to Morrison, the Insurance Company was indebted to the defendant the amount of the notes sought to be set-off, and that those notes yet remain unpaid. But those notes may still be unpaid, and yet not have belonged to the defendant at the commencement of the action, or at any subsequent period ; and from the cautious and peculiar phraseology of the plea, it is most probable, those notes were in fact not owned by the defendant when the action was commenced by Morrison.
The judgment must, however, be reversed with costs, the cause remanded to the court below, and proceedings there had, not inconsistent with this opinion.