JUDGE BULLITT
deliyeked the opinion op the covet:
Goodwin, having lent money to Hayes at an usurious rate of interes,t and the money being due, told Hayes that “if he wished to keep the money he must pay the debtand Hayes< accordingly handed to Goodwin the amount of the ■ debt and interest, including the usury, and Goodwin, on the same day, handed the money ($2,065.40,) back to Goodwin, and took his¡ note.' therefor,, dated January 31, 1857. In October, 1858,. Hayes paid the interest on that note, at the rate of 10 per cent-per aniium, and part of the principal, and gave a new note for¡ the residue of $1,932; and in March, I860, he paid the interest at the like rate on the last named note, and part of the principal, and for the l’esidue, amounting to $1,900, gave a new note, dated March 3d, 1860, and payable on.e day after. Hayes paid a. considerable amount of usurious interest to Goodwin prior to January, 1857. On the 18th January, 1862, Goodwin sued Hayes on the last named note.' On the 25th of February, 1862, Hayes filed an answer stating the facts, and contending : 1. That the acts above mentioned as having been done in January, 1857, were done in evasion of the statute against usury, and were not a payment of the debt, and that he is entitled to a credit upon the note sued-on for all the usury paid to Goodwin, amounting, as alleged, to at least $850.00. 2. That if said acts amounted to a payment; he is entitled to recover the usury, alleged to be $327.81, embraced in the $2J)65.40 handed to Goodwin and rerborrowed, and he. pleaded it as a set-off. To the set off-the plaintiff replied,, relying on the statute of limitations, and on the settlement made-in January, 1857. The circuit judge, to whom the law and facts -.were submitted, gave judgment against Hayes for $1,632 ■ *82 40, with interest from March 3, 1860, from which he appealed.
1. The first question is whether or not there was a payment of the debt and interest on the 31st January, 1857.
There was evidently an implied, if not expressed agreement, that Goodwin would re-lend and that Hayes would re-borrow the money. But, notwithstanding that agreement, and conceding thát either party might have recovered damages for a breach of it by the other, yet Goodwin could have kept the money an'd have refused to re-lend it, or Hayes could have refused to re-borrow it; and it seems clear that, in either case Hayes could have recovered the usury, and equally clear, that his right of recovery must have arisen, not from the fact that he had refused to re-borrow the money, or that Goodwin had refused to re-lend it, but from the fact that the usury had been paid. It necessarily follows that, at the moment when Hayes handed the money to Goodwin, aright of action for the usury accrued to him, and that he did not lose that right of action by afterward borrowing the moo ey in accordance with the previous agreement. We are of the opinion that if Hayes had brought such an action in 1857, Goodwin could not have defeated it by showing that he had received the money under an agreement to re-lend it, and that he had re-lent it accordingly.
It is contended, however, that the transaction was a device to evade the statute against usury, and should, therefore, be treated as a nullity. But we do not perceive upon what ground it can be so regarded. The rights of the parties with reference to the usury were the same after that transaction as before, conceding that it was a payment. Unless the statute of limitations interferes, Hayes’ right to recover the usury paid is as perfect as was his right to refuse payment. Goodwin’s object probably was to give Hayes a right of action for the usury, so that the limitation might commence. But we perceive no process of reasoning by which that effort to take advantage of the statute of limitations, can be construed into .an attempt to evade the statute against usury, or can otherwise be pronounced unlawful.
*83 2. The next question is, whether the limitation ceased at the commencement of the suit by Goodwin, or continued to run until the filing of Hayes’ answer claiming the usury as a set-off.
With reference to this question, the provisions of the statute of 29 Geo. I, chap. 22, of the Kentucky statute of 1796, (2 S. L. 1448,) and of the Code of Practice, (secs. 125, 128, and 401,) are substantially the same. Under the two former statutes it was settled that, to authorize a set-off, there must be mutual subsisting demands, constituting causes of action, at the commencement of the suit. (Babington on Set-off, 68 ; Hawthorn vs. Roberts, Hardin, 70 ; Williams vs. Gilchrist, 3 Bibb, 49; McConnell vs. Morrison, 1 Litt., 206.) And, under the English statute, it has been expressly decided that limitation ceases against a set-off at the commencement of the suit. (Walker vs. Clements, 69 Eng. Com. L. R., 1046.) In that case the principle upon which that rule is founded was thus stated : “The set-off is substituted for a cross-action. When are we to suppose that cross-action brought? Clearly at the time of the commencement of the plaintiff’s action, since a set off not then existing cannot be insisted upon.” This reasoning furnishes an answer to the arguments of Goodwin’s counsel, based upon the changes of the law in requiring suits to be commenced by petition instead of by writ, in authorizing answers to be filed in vacation, and in authorizing the defendant to proceed upon his set-off, though the plaintiff may have dismissed his action. Evidently, none of those provisions affect the principle upon which the rule under consideration was founded.
• Our opinion, therefore, is, that Hayes’ claim for the usury paid on the 31st January, 1857, is not barred by limitation.
His allegation that said usury amounted to $327.81 was not denied in the reply. Upon the pleadings and evidence the court below should have allowed him that sum as a set-off, with legal interest thereon from January 31, 1857, to March 3, 1860; and should also have allowed him $140.68, (being in* terest at the rate of 4 per cent, per annum from January 31, 1857, to October 13, 1858,) with legal interest thereon from October 13, 1858, to March 3, 1860 ; and $107.33, being inter *84 est at the rate of 4 per cent, per annum, from October 13, 1858, to March 3, 1860. These credits would have reduced the judgment below the sum for which it was given, and it must, therefore, be reversed. But, as Goodwin is entitled to a new trial, and may present new facts, we cannot direct, as suggested by Hayes’ counsel, that a judgment conforming to our opinion shall be entered on the return of the cause.
The judgment is reversed, and the cause remanded for a new trial and other proceedings, not inconsistent with this opinion.