CHIEF JUSTICE DUVALL
delivered the opinion on the court:
The issue formed by the petition and answer was submitted to a jury who, upon the evidence introduced by both parties, rendered a verdict in favor of the plaintiff for $175. “Whereupon the defendant moved the court to dismiss the plaintiff’s petition upon the ground that the same is npt verified. The plaintiff moved the court to grant him leave to verify his petition, to which:the defendant objected, said objection is over *94 ruled by the court and said leave is granted the plaintiff, to which the defendant excepts;” and the motion to dismiss the petition having been overruled, judgment was entered in conformity to the verdict, from which the defendant has appealed.
/ To sustain his objection to the judgment, the appellant relies on sections 164 and 165 of the Civil Code, by which it is provided, in substance, that where petitions are filed without verification, as required by section 142, the action shall not on that account bo dismissed, if the verification be made on or before the calling of the action for trial; and that “ no objection shall be taken, after judgment, to any pleading for the want of or defect in the verification.”
But neither the language nor object of these provisions authorizes the assumption contended for, that such an objection will, in all cases, and under all circumstances, be available before judgment with the effect of dismissing the action. Like numerous other similar objections founded on technical rules of practice, it may be waived by the party entitled to insist on it, either expressly or by implication. Such implication always arises where the conduct of the party has been such as to induce his adversary to believe, and to act upon the belief, that the objection had been abandoned. Accordingly it has been held that in an action against an executor, where the defendant appeared and answered to the merits, having made no objection for the want of the affidavit and demand required by law in such cases, it was too late, after the plaintiff had gone through with his testimony, to raise the objection for the first time, although the statutes declare that “no suit shall be brought against a personal representative until after a demand is made of him, accompanied with the affidavit required,” and that no recovery shall be h id of any such debt until such affidavit be filed in court. (Thomas' ex'r. vs. Thomas, 15 B. Mon., 178.)
The present is a stronger case for the application of the rule. The action was brought in December, 1860. The appellant filed his answer in March, 1861, and in April following ¿he cause was continued at his instance. In April, 1862, there *95 was atrial and verdict against him, and then for the first time he makes the objection that the petition had not been verified. It was properly overruled.
Another ground of reversal relied on is, that the court erred in giving and refusing instructions. The instructions found in the record are not embraced in any bill of exceptions, nor is it otherwise shown what instructions, if any, were given or refused by the court. The instructions complained of, therefore, constitute no part of the record, and cannot be noticed by this court.
The judgment is affirmed.