### RUGG AND ELLIOTT *v.* JAMES M. HALE.

*Sale. Personal Property. Memorandum. Parol Evidence.*

The defendant sold the plaintiff a farm, together with certain farming tools and other personal property, and executed a memorandum of such sale of the personal property, in which many articles were enumerated, and concluding with these words: "Meaning all the farming tools, &c., now owned by him, (the defendant,) and on said farm." *Held*, that parol evidence was admissible for the purpose of ascertaining to what specific property these words applied.

Language in a memorandum of sale, descriptive of the locality of personal property sold, if incorrect, does not affect the validity of the sale.

THIS was an action on the case in two counts. The first was trover, alleging the conversion of certain personal property. Plea, the general issue, and trial by jury at the April Term, 1867, WILSON, J., presiding.

The plaintiffs introduced testimony tending to prove that on the 4th day of October, 1864, they purchased the defendant's farm and personal property, excepting his garden crops and household furniture, and, at the same time, a memorandum or schedule of the personal property sold, in connection with the farm, was given to the plaintiffs. The property mentioned in the first count of the declaration was a portion of that claimed by the plaintiffs to have been sold to them by virtue of the aforesaid memorandum, which they claimed the defendant had not delivered to them.

The plaintiffs introduced the schedule or memorandum of the property sold, which was admitted and was as follows:

"Rugg and Elliott bought of James M. Hale, Esquire, the following named property: Two horses, four cows, six calves, two shoats, three wagons, one cutter, two sleds, two plows, one harrow, one horse rake, two small rakes, forks, shovels, two caldron kettles, two sap pans, three hundred sap buckets, hay, more or less, and all the grain raised on the farm, with the exception of the garden, double horse threshing machine, two double harnesses, and meaning all the farming tools, &c., now owned by him, and on the said farm. The threshing machine to be used by him, during the season, for threshing this fall and winter.

"J. M. HALE."

The plaintiffs introduced testimony tending to prove that one of the three wagons they purchased of the defendant was a double wagon, which was at one Purmort's at the time of the trade; that it was only temporarily lent to Purmort; that the defendant owned the wagon; that the parties, at the time of the trade, talked about that wagon, and the defendant then told the plaintiffs that it was at Purmort's; that it was agreed between the parties that the plaintiffs should have said wagon as one of the three wagons mentioned in the contract; that it was the only double wagon on the farm, and the plaintiffs called on the defendant for the wagon, and he refused to deliver it. The defendant objected to the foregoing testimony in relation to the wagon, on the ground that the wagon was not on the farm at the time of the trade, but the court overruled the objection and admitted the testimony,—to which the defendant excepted.

Rugg et al. *v.* Hale.

The plaintiffs introduced parol testimony, in connection with said memorandum, tending to prove that they purchased of the defendant, which was embraced in said trade, one churn, fifty milk pans, two pails, two stoves, and the defendant's share of the wheat and oats on the Ballard farm ; that the parties, at the time of said trade, agreed that it was necessary for the plaintiffs to have said churn, milk pans and pails, as part of the farming tools necessary for carrying on a dairy farm ; that there was about three bushels of the defendant's share of the wheat, and about sixteen bushels of oats, raised on the Ballard farm, and that the defendant had converted said articles to his own use,—to the admission of which testimony the defendant excepted. The defendant introduced testimony tending to show the contrary.

In relation to the wagon, the court charged the jury that if they should find that the defendant, at the time of the trade, informed the plaintiffs that one of the three wagons he proposed to sell to the plaintiffs, in said trade, was the double wagon he had lent to Purmort, that it belonged on the defendant's farm, and was subject to his control, and that the defendant agreed that the plaintiffs should have the double wagon at Purmort's, and that the plaintiffs purchased that double wagon, and that it was embraced in said trade, and that it was one of the three wagons mentioned in said memorandum, then the plaintiffs would be entitled to recover damages for the conversion of the wagon.

In regard to the defendant's share of the wheat and oats on the Ballard farm, the court told the jury ( for the purpose of this trial) that if they should find that the plaintiffs purchased of the defendant, in said trade, the defendant's share of the grain on the Ballard farm, and it was embraced in said trade, and that it constituted part of the property the plaintiffs were to have for 'the consideration paid by them for the same, and personal property purchased by them, then the plaintiffs would be entitled to recover for it.

To the charge, as above delivered, the defendant excepted.

The jury returned a special verdict for the plaintiffs to recover for, among other things, one double wagon, thirty pans, and the grain on the Ballard farm.

*Dewey & Noble*, for the defendant.

1. The parties having reduced their trade to writing, parol evidence was inadmissible to enlarge or explain it.

2. With regard to the double wagon the court erred in instructing the jury in terms that they might disregard the writing and find a sale of a wagon by parol, *not on the farm at the time of the sale.*

3. So far as the iron bar and axe are concerned, they are clearly excluded by the written agreement.

4. In relation to the churn, *milk pans* and pails, the court instructed the jury that they might put a construction upon the writing, and not only that, they might vary their construction by other, that is parol testimony in the case.

5. In regard to the wheat and grain on the Ballard farm, the court's instruction to the jury was clearly erroneous.

The court erred:

1st. By admitting parol testimony to vary the terms of the writing.

2d. By instructing the jury that they might find facts from the parol testimony, it being admitted that the contract was reduced to writing and was a schedule of the property sold.

3d. By permitting the jury to construe the writing and to vary their construction by the parol testimony in the case.

In a written contract, where articles are enumerated, the use of " general terms" can have no effect in extending the particular enumeration so as to embrace other articles. 18 Vt. 111; *Ripley* v. *Page*, 12 Vt. 353; 2 Parsons on Con. p. 28.

*H. S. Royce*, for the plaintiffs.

I. In relation to the wagon, for which the plaintiffs recovered, it is insisted by the defendant that the clause in the bill of sale, " meaning all the farming tools, &c., now owned by him, and on the farm," has the effect to limit the plaintiffs' right of recovery to such articles of the property named as were actually on the farm at the time of the trade. By this construction, the plaintiffs would be entitled to only *two* wagons, whereas the bill of sale recites, that they have *bought three wagons* of the defendant.

If a subsequent stipulation contradict what was before distinctly stated, and constituted a principal inducement to the contract, it will be of no effect. Story on Con. 661.

There was no error, therefore, in admitting proof to show that the defendant owned a wagon that was temporarily lent to a neighbor; and as the defendant claimed that another and different wagon was sold to the plaintiffs, it became a question for the jury to determine, which of the two was intended to be conveyed.

II. Testimony, in connection with the bill of sale, to show that the parties, at the time of the trade, treated the milk pans as a part of the farming tools necessary for carrying on the farm, was properly admitted.

1. Because the bill of sale was not the depository of the intentions of the parties. It was not the contract, but merely declaratory of the fact that a contract had been made. *Linsley* v. *Lovley*, 26 Vt. 124.

2. Because testimony to show how the parties understood and applied any particular word or phrase used in this contract, is admissible. *Noyes & Co.* v. *Canfield*, 27 Vt. 79.

3. Even if the bill of sale could be said to amount to a contract, the words "*farming tools, etc.*," renders it ambiguous.

III. The jury were properly instructed that if they should find that the grain on the Ballard farm was a part of the property which the plaintiffs were to have for the consideration paid for the farm and personal property, then the plaintiffs were entitled to recover for it.

In order to exclude parol evidence as to the contract, there must have been a written, formal, perfected bill of sale. *Filkins* v. *Whyland*, 24 N. Y. 338; *Huson* v. *Henderson*, 1 Foster, 224; *Linsley* v. *Lovley*, 26 Vt. 124; *Hazzard* v. *Loring*, 10 Cush. 267; *Webber* v. *Hodgkins*, 5 Foster, 128; 1 Greenl. Ev. 305; 10 Allen, 424.

The opinion of the court was delivered by

PROUT, J. The controversy in this case relates to certain articles of personal property, alleged by the plaintiffs, in the first count of their declaration, to have been wrongfully converted by the defend-

ant. The plaintiffs claim title to the property by virtue of a contract of purchase of the defendant's farm and personal property, with certain exceptions, as appears by the case. This contract is shown by the deed conveying the farm, and by a written instrument executed and delivered by the defendant, designated in the exceptions as " the schedule or memorandum of property sold the. plaintiffs," which is made a part of the case. This instrument, after specifying the various articles of personal property sold the plaintiffs by the defendant, contains these words, " meaning all the farming tools, &c., now owned by him (the defendant) and on said farm," referring to the farm the plaintiffs purchased of the defendant, and which was conveyed to the plaintiffs, by the defendant, in the manner indicated by the exceptions. The plaintiffs' recovery in the county court, it appears by the special verdict of the jury, was for, among other articles, the value of an iron bar, an ax, thirty milk pans and a quantity of grain which, at the time of the execution of the instrument referred to, was on another farm, known as the Ballard farm, and was raised on shares, by the defendant, on that farm. These articles are not in terms named or specified in the written instrument, and are not referred to therein, unless by the general words " farming tools, &c." The defendant claimed on the trial, that the schedule or memorandum did not include, and had no reference to, this property, and objected to the admission of any evidence showing what application the parties intended those words should have, but the court admitted the evidence notwithstanding the objection. The defendant also excepted to the charge of the court in respect thereto, except as to the iron bar and ax, (in relation to which no question is made,) under which the jury returned their verdict for the plaintiffs.

For the purpose of determining whether there was error in admitting the evidence objected to, and in the charge in the particulars complained of, it is necessary to ascertain what legal effect, if any, is to be given the general words found in the memorandum of sale ; whether they have reference to other articles of personal property, than those specifically named in the instrument. That the parties intended they should have some effect, and that they naturally import other articles, falling within the description those terms signify or

mean is obvious, but after all, they are vague, leaving it uncertain and doubtful what the parties understood by them, or the defendant intended to convey. That the terms, " farming tools, &c.," have a defined legal signification, is not claimed, but that they are susceptible of " divers meanings," as applicable to the various implements and branches of farming, is obvious. A doubt or ambiguity exists then as to the meaning or application of the words, or rather an uncertainty as to the articles intended to be conveyed. Whenever this is the case parol evidence of extrinsic circumstances and facts is admissible for the purpose of ascertaining to what specific property the words used apply, or were intended to apply. As expressed in one of the cases in which the subject is discussed, the evidence is admissible " as explaining the object on which the parties intended the contract should operate and be rendered effectual." And for this purpose the evidence objected to was admissible as showing that the property in dispute was purchased in connection with the farm, which the plaintiffs contemplated carrying on as a *dairy* farm, and was so understood by both parties at the time of the sale. *Noyes & Co.* v. *Canfield*, 27 Vt. 79 ; *Herring* v. *Boston Iron Co.*, 1 Gray, 134 ; *Pierce et al.* v. *Parker*, 4 Met. 80 ; 1 Greenl. Ev. § 288. And upon this principle we are also led to the conclusion, with respect to the *harness* and *milk pans*, that the charge, as applicable to the plaintiffs' right to recover their value was correct, and such as the case required.

In relation to the *double wagon* the schedule or memorandum of sale shows that the plaintiffs purchased of the defendant *three* wagons. The defendant claims that the clause in the instrument, " and on the farm," limits or restricts the plaintiffs' right of recovery to such articles as were actually on the farm at the time the paper was executed; that the wagon not being on the farm at the time, the plaintiffs acquired no title to it. Upon this construction the plaintiffs would be entitled to only two, although they purchased three wagons. This language, descriptive of the locality of the property sold the plaintiffs, if incorrect in that particular, cannot affect the validity of the sale, or justify the defendant in converting it. Any other construction is manifestly unjust. *Chodard* v. *Smith*, 2 Story's R. 287 ;

The instructions to the jury in relation to the *grain* on the Ballard farm, the value of which the jury found for the plaintiffs, we think erroneous. It was not raised on the farm the plaintiffs purchased of the defendant, and the memorandum does not purport to convey it.

The result is, the judgment of the county court is reversed, and judgment for the plaintiffs, on the special verdict of the jury, deducting the amount allowed for the grain raised on the Ballard farm.