JOHN MARTIN v. J. H. REED, THOMPSON ET AL.

**Limitation of Actions—Recovery of Usurious Interest.**

Where a note was satisfied and cancelled by acceptance of other notes payable by different parties, the right of action to recover usurious interest on the first note accrued, and limitation began to run from the date of satisfaction of the first note.

APPEAL FROM CLARK CIRCUIT COURT.

December 17, 1873.

OPINION BY JUDGE LINDSAY:

The usurious interest, sought to be set off against this note, had been paid prior to its execution, and whilst the original contract of loaning was in full force and effect.

The acceptance of the four notes for five hundred dollars each, in lieu of the original note for two thousand dollars, was, in law, a satisfaction and extinguishment of the original contract of loaning. It was not merely a renewal of the promise to pay. A new surety was required and accepted, and additional time given within which to pay the money. If an action had been instituted on the old promise, the acceptance of the four notes given April 20, 1872, might have been pleaded in bar of its prosecution. The new notes were accepted in payment of the old. The transaction was equivalent to paying off the old debt, and again borrowing the money. No usury was paid on the note sued on. The payments were all made under the old contract, and upon the two thousand dollar note that was cancelled. If these payments of usurious interest can be relied on as a defense to this action, it is upon the ground that Reed, the principal, has the right, under the statute, to sue for and recover back the amounts so paid on the old note.

The moment the first note was satisfied and cancelled, or the accord and satisfaction arising out of this cancelment, and the acceptance of notes payable by persons different from those who were payers of the first, became complete, Reed's right of action to recover back the usurious interest paid on the first note accrued, and limitation commenced to run. *Hays v. Goodwin*, 4 Met. 80. More than twelve months elapsed after such payments, before Thompson, by his answer, set up this claim for the recovery of usury.

But if the institution, by Martin, of his action, stopped the running of the statute, still, before this was done, the bar was complete. In this view of the case it is unnecessary to express an opinion as to Thompson's right to avail himself of the set-off relied on.

Judgment reversed and cause remanded with instructions to overrule the demurrer to the plea of limitation set up in the reply, and for further proper proceedings.

*Huston & Mulligan, Beckner, for appellant.*

*Simpson, appellees.*