RODERICK CHISHOLM *vs.* MARTIN J. HART.

Middlesex.    November 11, 1924. — January 9, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Release.*

At the trial of an action of contract by a single plaintiff for a commission
alleged to have been earned in procuring a purchaser of real estate of
the defendant, the judge excluded as evidence a release signed by the
plaintiff and another, each with a seal, after the accruing of the claim
upon which the plaintiff relied, in substance reciting that "we [the two
signers] . . . hereby, for ourselves Heirs, Executors, Administrators
and Assigns" released the defendant in most general terms from all
claims they had against the defendant, and then added a description
in particular as to a transaction in no way connected with the claim in
suit and continued, "or for any other matter which we now have or
ever had from the beginning of the world to the day of the date of these
presents." *Held,* that the exclusion of the release was proper since it
related solely to joint obligations and not to the claim in suit.

CONTRACT for $550, a balance alleged to be due the plaintiff
as a commission for procuring a purchaser of real estate of
the defendant on July 1, 1921.   Writ dated December 22,
1922.

In the Superior Court, the action was tried before *Qua,* J.
The defendant offered a release signed by Roderick Chisholm
and Fred L. Vance, each with a seal, which, excepting the
*in testimonium* clause, read as follows:

"KNOW ALL MEN BY THESE PRESENTS

That we, Fred L. Vance and Roderick Chisholm, both of
Lowell in the county of Middlesex
For and in consideration of the sum of—One Dollar—Dollars
to us paid by Martin J. Hart the receipt whereof is hereby
acknowledged, have remised, released and forever discharged,
and we do hereby, for ourselves Heirs, Executors, Adminis-
trators and Assigns, remise, release and forever discharge
the said Martin J. Hart or his Heirs, Executors and Ad-
ministrators, of and from all debts, demands, actions, causes

of action, suits, dues, sum and sums of money, accounts, reckonings, bonds, specialties, covenants, contracts, controversies, agreements, promises, doings, omissions, variances, damages, extents, executions and liabilities whatsoever, both in Law and Equity, or which may result from the existing state of things which has existed between the said Martin J. Hart, and especially is the said Martin J. Hart released from any claims of any nature in law or equity which we have or ever had because of being interested with him in the building of certain houses bordering on Durant Street and Beacon Street in said Lowell, or for any other matter which we now have or ever had from the beginning of the world to the day of the date of these presents."

It appeared that the cause of action sued upon in this action did not arise out of the building of any houses bordering on Durant Street or Beacon Street in Lowell, and had no connection therewith.

The judge excluded the release. The jury found for the plaintiff in the sum of $550. The defendant alleged exceptions.

The case was submitted on briefs.

*H. A. Cregg & M. A. Cregg*, for the defendant.

*J. P. Farley & E. J. Tierney*, for the plaintiff.

WAIT, J. The exceptions in this case must be overruled. The release relied upon by the defendant is a general release of all demands held by Chisholm and Vance against Hart. It is, manifestly, a joint release. The bill of exceptions states that the transaction upon which the plaintiff bases this suit has no connection with the building operations referred to in the release and there is no claim that Fred Vance was concerned in it in any way. The release relates solely to joint obligations. Nothing in its language indicates that it deals with individual claims of Chisholm or of Vance. The presence of the words " Heirs, Executors, Administrators and Assigns " has no tendency here to show an intention to give a several character to the instrument. *Morrison v. American Surety Co. of New York*, 224 Penn. St. 41, cited by the defendant, differs materially from the case before us, and does not sustain his contention.

The refusals to charge as requested and the instruction actually given that Chisholm and Vance's joint release of an obligation due to them jointly was no bar to a suit by Chisholm on an obligation then due in severalty to Chisholm individually were in accord with familiar law. *Averill* v. *Lyman,* 18 Pick. 346. *Reed* v. *Tarbell,* 4 Met. 93. *Rochester Tumbler Works* v. *Mitchell Woodbury Co.* 215 Mass. 194.

*Exceptions overruled.*