GERALD R. GAUDETTE *vs.* J. JOSEPH KELLY & others.

Worcester.    January 16, 1979. — February 26, 1979.

Present: HALE, C.J., GOODMAN, & DREBEN, JJ.

*Release. Corporation,* Stockholder, Close corporation.

A document purporting to annul a settlement agreement executed by the sole stockholders of a corporation terminated only the stockholders' future rights and obligations under the agreement and did not nullify mutual releases entered into by the three stockholders pursuant to the agreement, which released all claims then existing among the stockholders and the corporation. [103-104]

A stockholder's action against the remaining two stockholders of a corporation for breach of their fiduciary duties in terminating the plaintiff's employment as an officer, director, and employee of the corporation and in failing thereafter to reemploy the plaintiff or reelect him as a director was barred by releases entered into by the three stockholders pursuant to a settlement agreement which

released claims arising from the initial firing and removal of the plaintiff; such releases included a release of claims based on a continuation of the original firing and removal. [104-105]

CIVIL ACTION commenced in the Superior Court on November 15, 1976.

A motion for summary judgment was heard by *Donelan*, J., a District Court judge sitting under statutory authority.

*Burton Chandler* for the plaintiff.

*Charles B. Swartwood, III*, for the defendants.

DREBEN, J. This is an appeal from a judgment dismissing the plaintiff's complaint following the allowance of the defendants' motion for summary judgment brought on the grounds of res judicata and releases signed by the plaintiff. We hold that the plaintiff's action is barred by the releases and affirm the judgment.

The plaintiff Gaudette and the individual defendants, Kelly and Davis, are the sole stockholders of the corporate defendant, Clinton Plastics, Inc., and each owns one-third of its stock. The present complaint alleges that the individual defendants, in violation of their fiduciary duties, terminated the plaintiff's employment as an officer, director and employee of the corporation in 1971, and that by failing to reemploy the plaintiff or reelect him as a director, the defendants are continuing to violate their fiduciary duties.

Between September, 1971, and December, 1972, the plaintiff brought four separate actions against the defendants alleging a variety of improper acts. On December 26, 1972, a document called a "Settlement Agreement" was signed by all three stockholders, and, pursuant to this agreement, the four actions were dismissed with prejudice. The agreement provided for money payments to the stockholders, contained mutual releases of the stockholders, and provided for the execution of other documents, including a mutual release between the plaintiff and the corporation. It also contained numerous provisions relating to the future operations of the corpo-

ration. For example, it provided a formula for determining the future salaries and bonuses of Davis and Kelly and authorized future payments by the corporation for cars, medical expenses, and retirement benefits for Davis and Kelly.

The mutual release between the plaintiff and the corporation was executed on the same day as the stockholders' "Settlement Agreement," and it was almost identical to the release among the stockholders contained in the "Settlement Agreement."[1] The corporate release referred

[1] The provision in the "Settlement Agreement" reads as follows:

"9. Each of the parties hereto does for himself, his heirs, executors, administrators, successors and assigns, release and forever discharge the other parties hereto, their respective heirs, executors, administrators, successors and assigns, of and from any and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity, which against the other parties hereto, or either of them, the one party ever had, now has or which he or his heirs, executors, administrators, successors and assigns, can, shall or may have, upon or by reason of any transactions entered into or events occurring or any state of facts existing on or prior to the date hereof, except for those rights and obligations of each party hereto hereafter accruing under this Agreement, each of the written agreements executed concurrent herewith and referred to herein, and the Stockholders Agreement of August 20, 1964 referred to below."

The provision in the release between Gaudette and the corporation reads as follows:

"1. I, the undersigned, Gerald L. Gaudette of Grafton, Massachusetts do for myself, my heirs, executors, administrators, successors and assigns release and forever discharge the Company, its successors and assigns, and its officers, directors and employees, of and from any and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity, which against the Company and against its officers, directors and employees I ever had, now have or which I or my heirs, executors, administrators, successors and assigns, can, shall or may have, upon or by reason of any transactions entered into or events occurring or any state of facts existing on or prior to the date hereof, except for those rights accruing to me and those obligations of the Company under written agreements existing as of the date hereof to

to the four pending actions and stated that the release was part of the consideration for the termination of the litigation. By the terms of the two releases, the plaintiff released the stockholders, the corporation, their successors, heirs and assigns "from any and all manner of . . . actions, . . . claims and demands whatsoever, in law or in equity, which . . . [Gaudette] ever had, now [has] or which" he or his heirs "can, shall or may have, upon or by reason of any transactions entered into or events occurring or *any state of facts existing on* or prior to the date hereof, except for those rights [hereafter arising] . . ." (emphasis supplied).

The plaintiff asserts that despite the execution of these releases, another document, signed by the stockholders and the corporation, dated August 31, 1976, annuls their effect. That document, typed on the stationery of the corporation, reads in its entirety as follows: "Effective with this payment of $56,333.68 to Gerald L. Gaudette and the consent of all the stockholders of Clinton Plastics, Inc. (Victor A. Davis, Gerald L. Gaudette and J. Joseph Kelly, Jr.) the Clinton Plastics, Inc. Stockholder Litigation Settlement dated December 26, 1972 is terminated excepting article 10 of the Settlement Agreement which remain[s] in full force and effect as stated." Article 10 governs the action to be taken on the death of a stockholder and is not relevant here.

We hold that the 1976 document does not nullify the releases. The document makes sense only if it means that the extensive future obligations of the parties under the "Settlement Agreement" and other documents are at an end. The parties did not intend that all their actions under the agreements between the period December 26, 1972, and August 31, 1976, were to be rescinded, and the parties returned to their original positions of December,

which I and the Company may be parties, and except for those rights I may have as a stockholder of the Company with respect to matters hereafter arising."

1972. Surely, such questions as salaries and medical reimbursements made to Davis or Kelly between December 26, 1972, and August 31, 1976, were not to be reopened, nor were the parties to pay back the sums paid in accordance with the "Settlement Agreement."

When the parties "terminated" the "Stockholder Litigation Settlement," they ended their future rights and obligations under these agreements, other than those under article 10 of the "Settlement Agreement." Their past actions were effective and were not annulled. *Factory Realty Corp.* v. *Corbin-Holmes Shoe Co.* 312 Mass. 325, 329, 331, 332 (1942). The previously executed releases remained valid, and the 1976 agreement did not revive any claims previously released.

Since we have determined that the releases are still effective, we next consider whether the present action is barred. Clearly, the releases preclude the plaintiff from seeking relief for any alleged wrongdoing occurring prior to the date of their execution, namely, December 26, 1972. We also hold that the releases preclude claims based on a failure to reemploy the plaintiff or reelect him as a director after 1972.

The plaintiff's grievances all stem from the 1971 termination of his employment and his directorship. Since the "state of facts existing" after that termination in 1971 and at the time of the releases on December 26, 1972, continued unchanged until the time the plaintiff brought the present action,[2] the specific language of the releases precludes his claims. *Merrifield* v. *Baker*, 11 Allen 43, 45-46 (1865).

We also reach the same result by a different route. The releases were general, and if any exclusion therefrom were intended, it should have been stated. *Deland* v.

---

[2] Plaintiff claims that the law as to fiduciary duties has changed since 1972, citing *Wilkes* v. *Springside Nursing Home, Inc.* 370 Mass. 842 (1976). This contention, whether true or not, is irrelevant for purposes of construing the releases.

*Amesbury Woollen & Cotton Mfg. Co.* 7 Pick. 244, 246 (1828). *Radovsky* v. *Wexler,* 273 Mass. 254, 258 (1930). *Tupper* v. *Hancock,* 319 Mass. 105, 108 (1946). The releases contained no express language or implied recognition by the parties that the defendants had an affirmative duty to rehire the plaintiff or take other remedial action as to his original firing and removal. In fact, at the time of their execution it was clear that he would not be rehired. In these circumstances, we construe the release of claims arising from that firing and removal as including a release of claims based on a continuation of that original firing and removal and as precluding any attempted resurrection of those claims in the guise of a "continued failure to reemploy the plaintiff or to reelect him as an officer and director."

Since the releases bar the present action, we do not reach the question whether the claims are also precluded by the previous four actions which were dismissed with prejudice.

*Judgment affirmed.*