HARVEY NEWGENT vs. COLONIAL CONTRACTORS &
BUILDERS, INC.

Middlesex.    December 9, 1964. — March 1, 1965.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

Practice, Civil, Action transferred to District Court, New trial, Requests,
rulings and instructions. Evidence, Prima facie evidence. Law or
Fact.

Upon retransfer of an action to the Superior Court for trial following
that court's transfer of it to the District Court pursuant to G. L. c. 231,
§ 102C, the effect of the District Court judge's decision of the action
as "prima facie evidence upon such matters as . . . [were] put in issue
by the pleadings" was a question of law which could be raised at the
trial in the Superior Court, and, where it was not raised there, failure
of the Superior Court judge to deal with it was not ground for securing
a new trial as of right.   [584–585]
Where an action was retransferred to the Superior Court for trial follow-
ing that court's transfer of it to the District Court pursuant to G. L.
c. 231, § 102C, and during the Superior Court trial the defendant's
counsel stated that the District Court judge had found for the defendant
and the Superior Court judge then told the jury that he would explain
to them later "just what relation that has to what we are doing here,"
but thereafter the effect of the District Court decision was not raised
by counsel nor dealt with by the judge, and there was a verdict for the
plaintiff, there was no abuse of discretion in the denial of a motion by
the defendant for a new trial grounded on "the failure of the Court to
instruct the jury that the . . . [decision] of the District Court was
prima facie evidence in favor of the defendant."   [585]

CONTRACT.  Writ in the Superior Court dated June 19,
1961.

Following transfer to the Second District Court of East-
ern Middlesex and retransfer to the Superior Court, the
action was tried before Gourdin, J.

John W. Lynch for the defendant.

Francis B. McNamara, Jr., for the plaintiff.

KIRK, J.  This action of contract for a real estate brok-
er's commission was commenced in the Superior Court, and

thereafter, under G. L. c. 231, § 102C (inserted by St. 1958, c. 369, § 3), was transferred for trial to the appropriate District Court where a finding was made for the defendant. Neither party claimed a report to the Appellate Division. There is no suggestion that any error of law was committed in the District Court. Upon request of the plaintiff, under G. L. c. 231, § 102C, the case was retransferred to the Superior Court for trial by jury. The judge did not charge, was not requested to charge, and no exception was taken to his omission to charge the jury, as the statute provides, that the decision of the District Court "shall be prima facie evidence upon such matters as are put in issue by the pleadings."

The jury returned a verdict for the plaintiff. The defendant seasonably filed a motion for a new trial because of "the failure of the Court to instruct the jury that the verdict of the District Court was prima facie evidence in favor of the defendant." The defendant's exception to the denial of its motion raises the only question in the case. The defendant contends that the failure to charge the jury as provided in the above quoted language of the statute deprived the Superior Court of jurisdiction. It argues that a jury in the Superior Court cannot proceed to a verdict unless the decision or finding of the District Court judge is before the jury with an explanation of its legal effect. We have considered the contention, and find no merit in it.

In *Lubell* v. *First Natl. Stores, Inc.* 342 Mass. 161, 163–164, the court concisely stated the objectives, mechanics and operational effect of G. L. c. 231, § 102C, and, at page 165, referred to St. 1960, c. 303, in amendment thereof. Specifically, it was said, beginning on page 163: "(3) The 'decision,' in the event of retransfer, is to be prima facie evidence in the Superior Court. (4) No other 'findings' of the District Court judge shall be admissible as evidence in the Superior Court. This fourth point distinguishes § 102C from G. L. (Ter. Ed.) c. 221, § 56, relating to reports of auditors, where the phrase, 'prima facie evidence,' also appears."

The distinction between the report of an auditor and the
decision of a District Court judge is obviously important.
Under G. L. c. 221, § 56, the auditor makes only findings of
fact, not rulings of law, and his report is subject to review
by the court which appointed him so that findings of fact
"based upon an erroneous opinion of law, or upon inadmis-
sible evidence," may be excluded from consideration by the
jury.    Under G. L. c. 231, § 102C, however, "the decision
of the District Court judge, . . . so far as admissible . . .
would consist of a very few words . . . [and] would be evi-
dence warranting a finding for the" party who prevailed
in the District Court.    "His decision might be based upon
an alleged error of law, such as the admission or exclusion
of evidence, or . . . the denial of requests."    *Lubell* v.
*First Natl. Stores, Inc.* 342 Mass. 161, 164.    Accordingly, it
was held, in effect, in the *Lubell* case, that the Legislature
must have intended, in the light of constitutional require-
ments, that the decision of the District Court judge, to be
admissible in the Superior Court as prima facie evidence,
must be the result of a trial in the District Court where no
report was claimed or where, on review by the Appellate
Division, no reversible error was found.    It was decided
also that the review of issues of law raised at the District
Court trial was appropriately in the Appellate Division and
ultimately, if need be, in this court after trial in the Supe-
rior Court upon retransfer.

At the trial in the District Court of the case now before
us, no question of law was saved.    Therefore, upon re-
transfer of the case to the Superior Court, the decision of
the District Court judge was admissible and was entitled to
be weighed by the jury as "prima facie evidence upon such
matters as . . . [were] put in issue by the pleadings."    It
does not follow, however, that the defendant should be
granted a new trial for want of an instruction as to the
evidential value of the decision of the District Court judge.
The case was in the Superior Court for trial on the merits,
subject to the practices and procedures which govern trials
in that court, one of which is that "[q]uestions of law

which might have been raised at the trial on the merits
. . . cannot be raised as of right on a motion for a new
trial.'' *Haines Corp.* v. *Winthrop Square Cafe, Inc.* 335
Mass. 152, 154. The value of the District Court judge's
decision, as prima facie evidence, was a question of law.
''That expression has acquired a definite legal meaning in
this Commonwealth.'' *Cook* v. *Farm Serv. Stores, Inc.* 301
Mass. 564, 566. If the defendant wanted an instruction
given to the jury as to its meaning it should have asked for
it in the form of a request, or, at the end of the charge, in-
vited the judge's attention to the omission. *Sawyer* v.
*Worcester Consol. St. Ry.* 231 Mass. 215, 219. It did nei-
ther. It cannot now as of right demand a new trial be-
cause of the omission. The issue is not one of jurisdiction
but is one of trial practice.

What we have said disposes of the issue of law raised.
We add a word about the discretionary aspect of the motion
for a new trial. During the trial, the defendant's counsel
stated that the case had been tried in the District Court
and that a finding for the defendant had been made. The
judge then told the jury that he would explain to them later
''just what relation that has to what we are doing here.''
Before the arguments, the judge asked if there were any re-
quests. The defendant's counsel replied that he had none.
After the charge, the judge said, ''Gentlemen, if I have
overlooked anything I will be glad to hear you.'' The
reply of the defendant's counsel related only to the agreed
amount of damages. No abuse of discretion in the denial
of the motion can be found in these circumstances.

*Exceptions overruled.*