JOAN K. HENRY *vs.* MANSFIELD BEAUTY ACADEMY, INC.

Suffolk. December 7, 1967. — January 5, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Practice, Civil,* Action transferred to District Court. *Release. Contract,* Limiting liability, Validity. *Negligence,* Contractual limitation of liability, Violation of law, Hairdresser.

Upon retransfer of an action to the Superior Court for trial following that court's transfer of it to a District Court pursuant to G. L. c. 231, § 102C, as amended, and report of the District Court to the Appellate Division and its ruling of no reversible error and dismissal of the report, the record of the District Court trial was available to the judge of the Superior Court, not as evidence, but to enable him to determine whether the Appellate Division's ruling was correct so that the "decision or finding" of the District Court would be admissible as prima facie evidence at the trial before him. [508–509]

Failure of a registered hairdressing school to comply with the requirement of G. L. c. 112, § 87U, as amended, respecting registration of an enrolled student with the board of registration of hairdressers deprived the school of the benefit of a release of it from liability for negligence of the unregistered student in treating a patron of it who had signed the release. [510–511]

Evidence that a student at a hairdressing school violated some of the prohibitions printed under the heading "Directions for Use" on the outside of a container of a waving solution in treating a patron of the school, that during the treatment certain areas of the patron's

neck became an "angry red" color, and that blisters appeared there and on her face the following day and she had to seek medical attention warranted a finding of negligence toward her on the part of the school. [509-510, 511]

TORT AND CONTRACT.   Writ in the Superior Court dated February 22, 1965.

Following transfer to the Municipal Court of the City of Boston and retransfer to the Superior Court, the action was heard by *Tomasello, J.*

*John A. Gledhill, Jr.,* for the defendant.

*Alan H. Robbins* for the plaintiff.

WILKINS, C.J.   The plaintiff was injured on November 30, 1964, while a patron of the defendant's hairdressing school, and by writ returnable in April, 1965, brought this action in the Superior Court, Suffolk County.   There are three counts, two in contract for breach of contract and breach of warranty respectively, and one in tort for negligence.   The ad damnum, by amendment, is $2,000.   On November 18, 1965, the case was transferred to the Municipal Court of the City of Boston, where on January 18, 1966, a judge found for the plaintiff in the amount of $1,500 on all counts.   The case was reported to the Appellate Division, which dismissed the report.   On retransfer to the Superior Court there was a trial on April 27, 1967, which resulted in a finding of $1,500 on all counts by a judge sitting without jury.   The procedure was in accordance with G. L. c. 231, § 102C, as amended through St. 1962, c. 305.   *Lubell* v. *First Natl. Stores, Inc.* 342 Mass. 161.   *Newgent* v. *Colonial Contractors & Builders, Inc.* 348 Mass. 582.   See *S. Albertson Co. Inc.* v. *Great No. Ry.* 342 Mass. 326.

To be admissible upon retransfer to the Superior Court and to be entitled to become prima facie evidence as provided in G. L. c. 231, § 102C, "the decision or finding" of the District Court, which is transmitted by its clerk, "must be the result of a trial in the District Court where no report was claimed or where, on review by the Appellate Division, no reversible error was found." *Newgent* case, 584.   See *Lubell* case, 165.   In order to determine whether the Ap-

pellate Division correctly ruled that there was no reversible error, its opinion must be reviewed by the judge in the Superior Court. To permit an intelligible review, the record of the trial must be available, not as evidence but as background to enable him to rule on the admissibility of "the decision or finding."

On November 30, 1964, the plaintiff was at the hairdressing school, and paid $4 in advance for a permanent wave. On ten previous occasions she had received similar treatments from the defendant without ill effects. On this occasion, before work was commenced, the plaintiff signed the following document (Exhibit 2): "Hair and beauty culture school release. In consideration of a nominal charge by Mansfield Beauty Academy, Inc., operating the Mansfield Academy of Hair and Beauty Culture for the work performed in its clinical beauty department of the said school or academy, I hereby release and absolve the said company from any and all said claims or liability arising or which may arise from any negligent or careless operation on the part of the operators in the clinical department of this school or from negligence or careless operation of any of the students, teachers, instructors, supervisors or any other employee of the said school, or from any lack of skill on their part, it having been first represented to be exclusively a school of hair and beauty culture and that the operator or students are either students in or graduate students of the beauty school conducted by the Mansfield Beauty Academy, Inc."

An instructor assigned a student to work on the plaintiff. The student was given a towel, a bottle of waving solution, and a tube of neutralizer. The latter two items were supplied in a cardboard container (Exhibit 1) on the outside of which were printed "Directions for Use." Two of these were, "4. . . . (d) Allow the neutralizer to remain on the curls 5 minutes," and "4. . . . (e) After 5 minutes, rinse wound curls with warm water. Follow with cold water rinse." There were two relevant "important don'ts." One of these warned against allowing the neck towel to become

soaked with waving solution lest it cause irritation. Another was, "Don't wipe or rub any waving lotion which may have dripped on forehead, face or neck."

During the treatment, certain areas of the plaintiff's neck became an "angry red" color. The following day blisters appeared about her face and neck and she had to seek medical attention.

The Municipal Court judge found the defendant to have been negligent in that it violated some of the prohibitions in Exhibit 1 in the specific "don'ts" and violated paragraph 4 (e) in allowing the neutralizer to remain ten minutes on the curls instead of the specified five minutes. It may well be considered doubtful as a matter of construction whether there was a prohibition against allowing the neutralizer to remain longer than five minutes or merely a statement of a minimum number of minutes to achieve effective treatment.

The Municipal Court judge ruled that the defendant violated G. L. c. 112, § 87U (as amended through St. 1958, c. 85),[1] "in that it permitted a student to work on the plaintiff's hair who was not registered as required by § 87U." We suppose that this means failure of the school or of the student to make registration with the board within fifteen days after entering school; and that this includes findings by implication that the defendant was a registered school and that the student had been there for more than fifteen days. He then ruled in substance that the defendant lost the benefit of the provisions in the release against liability for negligence because of violation of § 87U in using an unregistered student.[2]

The plaintiff could make a valid contract exempting the

---

[1] "All students enrolled in registered schools shall, within fifteen days after entering upon their courses of study, be registered with the board by such schools. Students at registered schools may, within such fifteen day period, register with the board. No fee shall be required for such registration. No student shall practice hairdressing or manicuring upon any paying customer, and no school shall directly or indirectly make any charge for services in connection with such practice of hairdressing or manicuring. A school shall not pay a student for any services rendered by him." See *Mansfield Beauty Academy, Inc.* v. *Board of Registration of Hairdressers*, 326 Mass. 624.

[2] We have not been asked to rule on the effect of the fourth sentence in § 87U.

defendant from liability to her for injuries resulting from its negligence or that of its employees. *Barrett* v. *Conragan*, 302 Mass. 33, 34. *Lee* v. *Allied Sports Associates, Inc.* 349 Mass. 544, 550.[1] But such a contract cannot serve to shield the defendant from responsibility for violation of a statutory duty. Here the findings and the ruling as to § 87U by the Municipal Court judge take away the protection of the contract. *McCarthy* v. *National Assn. for Stock Car Auto Racing, Inc.* 48 N. J. 539, 543. See *Boyd* v. *Smith*, 372 Pa. 306, 309–310. See also *Weirick* v. *Hamm Realty Co.* 179 Minn. 25, 28–29; Williston, Contracts (2d ed.), § 1751, pp. 4962–4963. Accordingly, the question becomes a simple one of negligence. Of this there was ample proof (*Gavin* v. *Kluge*, 275 Mass. 372). The "decision or finding" of the Municipal Court judge was admissible as prima facie evidence at the trial in the Superior Court upon retransfer. G. L. c. 231, § 102C.

*Exceptions overruled.*

[1] We do not agree with the ruling of the Municipal Court judge that the release "is void and of no effect as being against public policy, in conformity to the trend of the law as . . . [expressed] by G. L. c. 186, § 15, declaring void a provision releasing the negligence of a lessor by the lessee."