CONCETTA CONSOLO vs. MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY.

Suffolk. May 14, 1973. — June 5, 1973.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Practice, Civil,* Action transferred to District Court; Appellate Division:
appeal.

In an action of tort for personal injuries sustained by the plaintiff in a fall
on a stairway of the defendant, where, following a transfer of the
action from the Superior Court to a District Court under G. L. c. 231,
§ 102C, there was a finding for the plaintiff in the District Court, a
decision by the Appellate Division vacating that finding and direct-
ing the entry of a finding for the defendant, and an appeal by the
plaintiff from such decision to the Supreme Judicial Court, this court,
upon transfer of the case to it by the Supreme Judicial Court,
declined in its discretion to consider the issues presented by the
appeal and remanded the action to the District Court with leave to
the plaintiff to request a retransfer of the action to the Superior Court
within a specified time. [340-341]

TORT. Writ in the East Boston District Court dated
October 28, 1970.

After removal of the action to the Superior Court and
transfer thereof to the District Court under G. L. c. 231,
§ 102C, the action was heard in the District Court by
*Rizzotto, J.*

*Alexander E. Finger* for the plaintiff.

*Albert E. Good* for the defendant.

GRANT, J. This is an action of tort to recover damages
for personal injuries sustained by the plaintiff when she fell
on or at the top of a stairway in one of the defendant's
stations, allegedly as the result of catching the heel of one of
her shoes in a gouge in a riser in the stairway. The action
was commenced in a District Court and was seasonably
removed by the defendant to the Superior Court. The case
was then transferred back to the District Court for trial

under the provisions of G. L. c. 231, § 102C (as most recently amended by St. 1967, c. 778). The District Court, after trial, found for the plaintiff and assessed damages in her favor. The defendant appealed to the Appellate Division (*Lubell* v. *First National Stores, Inc.* 342 Mass. 161, 165-166), which vacated the finding for the plaintiff and ordered the entry of a finding for the defendant. The plaintiff thereupon claimed an appeal to the Supreme Judicial Court, which took no action on the matter other than to transfer it to this court under the provisions of G. L. c. 211A, §§ 10 and 12 (inserted by St. 1972, c. 740, § 1).

We consider whether we should decide the issues presented by this appeal.

The main legislative purpose of the provisions of G. L. c. 231, § 102C, was to assist in solving the problem of congestion in the dockets of the Superior Court. *Lubell* v. *First National Stores, Inc.* 342 Mass. 161, 163. *McGloin* v. *Nilson,* 348 Mass. 716, 718-719. The remedy of review by an Appellate Division of the decision of a District Court in an action transferred to the latter by the Superior Court under the provisions of § 102C was fashioned by the Supreme Judicial Court in order to obviate constitutional doubts which would have existed in the absence of such a remedy. *Lubell* v. *First National Stores, Inc.* 342 Mass. 161, 164-166. *Newgent* v. *Colonial Contractors & Builders, Inc.* 348 Mass. 582, 584. Although the Supreme Judicial Court and this court (on transfer under G. L. c. 211A, §§ 10 and 12) do have jurisdiction to entertain an appeal such as the present one (*Heil* v. *McCann,* 360 Mass. 507, 510), it is clear from the *Lubell* case that review of an order of the Appellate Division in a § 102C case is not required in advance of trial in the Superior Court (342 Mass. at 165-166). It can hardly be supposed that the *Lubell* remedy was fashioned out of desire to induce congestion in appellate dockets. Indeed, in the *Heil* case it was specifically said that an appeal such as the one now before us "ordinarily ... [will] not be heard until after trial in the Superior Court upon retransfer" (360 Mass. at 510).

What is at stake in the instant appeal is the admissibility

in evidence in the Superior Court of a finding for one or the other of the parties, if, following a decision by us on the merits of the appeal, the losing party should exercise the right afforded by the provisions of § 102C to request a retransfer of the action to the Superior Court.[1] As matters now stand, it is the finding for the defendant which was ordered by the Appellate Division, and not the finding for the plaintiff which was originally made in the District Court, which would be admissible in evidence at any further trial in the Superior Court, subject to further review by this court or by the Supreme Judicial Court on a bill of exceptions. *Newgent* v. *Colonial Contractors & Builders, Inc.* 348 Mass. 582, 584. *Henry* v. *Mansfield Beauty Academy, Inc.* 353 Mass. 507, 508. *Heil* v. *McCann,* 360 Mass. 507, 510, 512, fn. 1. See also *Hall* v. *Opacki, ante,* 58, 59-60. If we were to review the action of the Appellate Division, it would be the finding we might sustain which would be so admissible. *Heil* v. *McCann,* 360 Mass. 507, 512, fn. 1.

As a general proposition we do not think it conducive to sound judicial administration that two successive levels of appellate review be invoked on a preliminary question of the admissibility of an item of evidence in an action yet to be tried in the Superior Court and which may never be so tried. The central issue presented by the instant appeal is not a novel one or one of public importance.[2] It is by no means clear that the admission in evidence of the finding ordered by the Appellate Division would have a material

---

[1] The portion of § 102C here material reads as follows: "The action shall thereafter be tried in the superior court. The decision of, and the amount of the damages assessed, if any, by a district court shall be prima facie evidence upon such matters as are put in issue by the pleadings . . .." See *Lubell* v. *First National Stores, Inc.* 342 Mass. 161, 163-164, and fn. 1; *Newgent* v. *Colonial Contractors & Builders, Inc.* 348 Mass. 582, 583-584.

[2] The opinion of the Appellate Division in this case discloses that its actions in vacating the District Court's finding for the plaintiff and ordering the entry of a finding for the defendant were prompted by the conclusion that the evidence properly open for consideration was insufficient to warrant a finding that there was a gouge in the stair riser in question at the time of the accident.

effect on the ultimate outcome of the case.[3] In the exercise of our discretion we decline to decide the issues presented by this appeal. Compare *Commonwealth* v. *Benjamin,* 358 Mass. 672, 673, fn. 1; *Commonwealth* v. *Henry's Drywall, Inc.* 362 Mass. 552, 557; *Angoff* v. *Angoff, ante,* 112, 116.

The case is remanded to the District Court, where the plaintiff may file a request for a retransfer to the Superior Court within ten days after notice from the District Court of the filing of this opinion.[4]

*So ordered.*

---

[3] We note also that the plaintiff, who originally selected the District Court as a forum convenient to herself, might have avoided the situation in which she now finds herself by the simple expedient of filing in the Superior Court a statement of the type required by Rule 33A of the Superior Court (in the amended form adopted to take effect on May 4, 1962). The damages assessed by the District Court in favor of the plaintiff were well in excess of $2,000.

[4] See *McGloin* v. *Nilson,* 348 Mass. 716, 719; *Heil* v. *McCann,* 360 Mass. 507, 512, fn. 1; *Hall* v. *Opacki, ante,* 58, 61.