686 12 Mass. App. Ct. 686

H. Sandberg & Son, Inc. v. Clerk of the District Court of Northern Norfolk.

# H. SANDBERG & SON, INC. vs. CLERK OF THE DISTRICT COURT OF NORTHERN NORFOLK.

Norfolk. November 6, 1981. — December 2, 1981.

Present: HALE, C.J., GRANT, & GREANEY, JJ.

*Practice, Civil,* Action transferred to District Court.

A plaintiff who suffered a dismissal of a case transferred to a District Court
pursuant to G. L. c. 231, § 102C, for failure to appear in the District
Court when his case was called for trial and who made no effort in
that court to have the dismissal vacated had no right, by means of a
separate proceeding in the nature of mandamus, to have his case re-
transferred to the Superior Court. [686-689]

CIVIL ACTION commenced in the Superior Court Depart-
ment on April 1, 1980.

The case was heard by *Sullivan, J.,* on a motion for sum-
mary judgment.

*Maureen L. Fox,* Assistant Attorney General, for the de-
fendant.

*Sumner Bauman* for the plaintiff.

GRANT, J. The plaintiff commenced a civil action in the
Superior Court which was transferred to a District Court
for trial under the provisions of G. L. c. 231, § 102C, as ap-
pearing in St. 1978, c. 478, § 262. The plaintiff's counsel,
although duly notified, failed to appear when the case was
called for trial. A judge of the District Court entered a
judgment of dismissal as to all the defendants.[1] When
counsel for the plaintiff sought to file a request for a retrans-
fer of the case to the Superior Court, he was advised by per-
sonnel in the clerk's office of the District Court that "such
request could only be accomplished by leave of the Court or

---

[1] No question concerning the propriety of that judgment is open on the
present appeal.

if the plaintiff wished he could move to vacate order of dismissal under M. R. C. P. rule 60."[2]  Counsel ignored that advice and insisted on filing his request for a retransfer. The clerk of the District Court ignored the request.[3]

The plaintiff thereupon filed the present action in the Superior Court in the nature of mandamus by which it sought an order requiring the clerk of the District Court to retransfer the underlying case to the Superior Court for trial there.  A judge of the latter court, after a hearing under Mass.R.Civ.P. 56(b), 365 Mass. 824 (1974), entered a judgment which, in effect, required the clerk of the District Court to retransfer the case to the Superior Court.  The clerk appealed.[4]  We reverse.

The judge of the Superior Court recognized that the objective of § 102C is to assist in solving the congestion in the Superior Court (see *Lubell* v. *First Natl. Stores, Inc.*, 342 Mass. 161, 163 [1961]; *McGloin* v. *Nilson,* 348 Mass. 716, 718 [1965]; *Consolo* v. *Massachusetts Bay Transp. Authy.*, 1 Mass. App. Ct. 338, 339 [1973]) but appears to have reasoned that the specific mechanism employed by the Legislature for the accomplishment of that objective was to saddle the loser in the District Court with a prima facie case against him when the case is tried in the Superior Court (see *Lubell* v. *First Natl. Stores, Inc.,* 342 Mass. at 163, 164; *Akron Brick & Block Co.* v. *Moniz Engr. Co.,* 365 Mass. 92, 94 [1974]; *O'Brion, Russell & Co.* v. *LeMay,* 370 Mass. 243, 244-245 [1976]) and that that mechanism would operate with full force and effect if the underlying case were to be retransferred to the Superior Court.  He also opined that the words "decision or finding," "finding or decision" and "decision" are used interchangeably in the fourth through seventh sentences of the third paragraph of § 102C and in

---

[2] We assume the intended reference was to Rule 60(b) of the District Municipal Courts Rules of Civil Procedure (1975).

[3] He says in the affidavit filed by him in the Superior Court under Mass. R.Civ.P. 56(c), 365 Mass. 824 (1974), that "[t]he case remains open awaiting notice from the plaintiff, marking the matter for a hearing."

[4] The judge stayed the judgment pending appeal.

the first sentence of the fourth paragraph and the second sentence of the fifth paragraph of that section.

We fail to understand how the retransfer of any case to the Superior Court, even a retransfer which is unavoidable, serves to lessen the congestion on the active docket of that court. We think the ruling made by the judge in the present case would defeat the purpose of § 102C by encouraging a practice under which counsel who are prepared to accept the risks of an adverse prima facie case against them could suffer judgments of dismissal or default in a District Court and unilaterally delay the presentation of their evidence until the time of trial before a judge or a jury in the Superior Court. See and compare *Vaught Constr. Co.* v. *Bertonazzi Buick Co.*, 371 Mass. 553, 562 (1976). We also think that ruling would work at cross purposes with numerous of the provisions of St. 1978, c. 478 ("An Act providing for the orderly administration of justice in the commonwealth"), better known as the Court Reorganization Act of 1978, which were also designed to reduce congestion in the Superior Court. See, e.g., G. L. c. 218, §§ 26, 26A and 27A, and G. L. c. 278, § 18, all as amended or inserted by St. 1978, c. 478, §§ 187-189 and 302, which initiated the present system of trial by jury of minor criminal offences in the District Courts. Indeed, the 1978 amendment of G. L. c. 231, § 102C, raised the ceiling on the amount in controversy in cases which can be transferred from the Superior Court to a District Court from $4,000 to $7,500.[5]

The decided cases have uniformly considered that the words "transfer for trial" which appear in the first paragraph of § 102C and the words "shall be tried" which appear in the third paragraph of that section contemplate a trial on the merits with all the normal incidents of such a trial, including either a finding for and an assessment of damages in favor of the plaintiff or a finding for the defendant. See *Lubell* v. *First Natl. Stores, Inc.*, 342 Mass. at 162, 164, 165; *Newgent* v. *Colonial Contractors & Builders, Inc.*,

---

[5] See St. 1974, c. 437, § 1.

348 Mass. 582, 584 (1965); *Henry* v. *Mansfield Beauty Academy, Inc.*, 353 Mass. 507, 508 (1968); *Akron Brick & Block Co.* v. *Moniz Engr. Co.*, 365 Mass. at 94.[6] We conclude that a plaintiff who has suffered a dismissal of a § 102C case for failure to appear when his case is called for trial in a District Court and who has made no effort in that court to vacate the dismissal has no right to have his case retransferred to the Superior Court.

The judgment of the Superior Court is reversed, and a new judgment is to be entered which dismisses the present action.

*So ordered.*

---

[6] We leave to another day the question whether a District Court can dispose of a § 102C case on the merits short of trial, such as under Rule 56 of the District Municipal Courts Rules of Civil Procedure (1975). We note, however, that the second sentence of the third paragraph of § 102C now reads: "The parties shall have the benefits of and be subject to the district-municipal courts rules of civil procedure."