Tiffany, J.
This is an action in contract initiated in the Superior Court Department on November 10,1977 and remanded on May 6,1980, to the District Court Department for trial pursuant to G.L. c. 231, § 102c.
The report indicates that on June 17, 1980, the trial court allowed the defendant’s Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment. The plaintiff, on June 19, 1980, filed a Request for Retransfer to Superior Court for trial. The defendant, on July 24, 1980, filed a Motion in Opposition to Plaintiffs Request for Retransfer to Superior Court for trial on the grounds that the court’s allowance of defendant’s Rule 56 motion for summary judgment did not constitute a “finding or decision” within the purview of G.L. c. 231, § 102c.
The defendant’s motion was denied on July 8, 1980, and the defendant claimed a report to this Division.
The sole issue before this Division is whether Appellate Division review of a finding or decision is prerequisite to G.L. c. 231, § 102c, (retransfer to the Superior Court Department) and as an aspect of the trial court’s ruling whether the trial court’s entry of summary judgment constitutes a finding or decision within the meaning of § 102c.
A report to an Appellate Division in a G.L. c. 231, § 102c remand case or in any civil action is an entirely discretionary procedural election by the District Court judgment loser. In outlining § 102c procedural stages, it is often stated that G.L. c. 231, § 108 review by the Appellate Division ‘ ‘may be had’ ’ before retransfer to the Superior Court. Hall v. Opacki, 1 Mass. App. Ct. 58, 60 (1973), Orasz v. Colonial Tavern, Inc., 50 Mass. App. Dec. 34, 38 (1973). The Supreme Judicial Court Reports are replete with cases in which 102c retransfers have been achieved from the District Court without intervening review by this Division. Newgent v. Colonial Contractors & Builders, Inc., 348 Mass. 582 (1965), O’Brion, Russell & Co. v. LeMay, 370 Mass. 243 (1976).
The defendant’s reliance on Lubell v. First National Stores, Inc., 342 Mass. 161 (1961) for a contrary proposition is misplaced. It is undeniable that the Supreme Judicial Court stated therein that:
A further consequence is that there must be a report of questions of law to the Appellate Division. Review of such questions by some tribunal is implicit in *164 the statute. The only other possibility would be, as suggested by the Appellate Division, action by the Superior Court on retransfer, but no clear provision appears in § 102c for the consideration then of such questions. There would be confusion as to the form of the record and as to the effect of the clause ‘no other finding of such (district) court shall at any time be admissible as evidence or become part of the pleadings.’ On the other hand, procedure by report to the Appellate Division is well established and understood. This must have been what the Legislature intended ....
This statement by the court cannot, however, be read out of context and construed in the manner advanced by the defendant herein. The Lubell case before the Supreme Judicial Court constituted a G.L. c. 231, § 109 appeal of a 1960 Appellate Division holding that the Division had no jurisdiction to review “remand cases. ’ ’ In reversing the holding, the Supreme Judicial Court analyzed that portion of c. 231, § 102c which renders the District Court decision or finding admissible in the Superior Court as ‘ ‘prima facie evidence” in favor of the District Court judgment winner. Akron Brick & Block Co. v. Moniz Eng. Co., 365 Mass. 92 (1974); Newgent v. Colonial Contractors & Builders, Inc., 348 Mass. 582 (1965); Universal C.l.T. Credit Corp. v. Ingel, 347 Mass. 119 (1964). The Supreme Judicial Court found that constitutional doubts would adhere to § 102c if no interim remedy existed to correct errors of law in a district court finding before such finding became operative as evidence in a superior court trial. See Consolo v. Massachusetts Bay Transportation Authority, 1 Mass. App. Ct. 338, 339 (1973) where the court stated at p. 164:
This rule means that no matter what other evidence might be introduced in the Superior Court, the decision of the District Court Judge . . . would be evidence warranting a finding for the plaintiff. His decision might be based on an alleged error of law, or, as in the present case, the denial of requests by failure to consider them . . .. In those circumstances, the defendant would be left to try the case on retransfer to the Superior Court shackeled with a decision which is prima facie evidence and with dubious record from which to base arguments upon questions of law raised in the District Court; its right to a jury trial would be affected; and there would be reasonable fear that there might be a denial of both due process and of equal protection of the laws because of the discrimination in according the right of review.
To obviate such constitutional problems and thus to preserve the consitutional legitimacy of the statute, the court held in Lubell that there must be a remedy or procedure for review of district court findings before retransfer to the Superior Court Department in those cases wherein a party alleges that the district court finding is tainted by an error of 1 aw. The court ’ s statement quoted by the defendant herein that ‘ ‘ there must be a report of question of law to the Appellate Division” signifies only that there must be an interim Appellate forum for the consideration of district court findings and for the correction of district court error if § 102c is to pass constitutional muster. Where no specific error of law is alleged or presumed for review, however, no report to the Division is necessary for a 102c retransfer. This conclusion is substantiated by the court’s subsequent statement that “after final disposition in the District Court, including review of all questions of law by the Appellate Division if a report or reports be sought, the case would be ready for retransfer by the District Court to the Superior Court.” Lubell v. First National Stores, supra at 165. The underscored language conclusively established that resort to the Appellate Division under G.L. c. 231, § 108 is permissive rather than mandatory in a G.L. c. 231, § 102c case.
The losing party in a District Court transfer action who does not discern, or wish to claim error, in the District Court trial may proceed directly to the Superior Court upon a seasonable request for retransfer pursuant to G.L. c. 231, § 102c. In the case at bar, the *165 plaintiff, the losing party in the District Court trial, does not argue with the ruling on the allowance of the defendant’s motion for summary judgment and did not claim a report on any issue of law. The defendant’s contention that an interim review by the Division is a prerequisite to such transfer is erroneous.
A secondary aspect of the issue before this Division, although not directly raised by the defendant’s opposition to the plaintiffs § 102c retransfer efforts, is whether a summary judgment constitutes a “finding or decision” within the meaning of G.L. c.' 231, § 102c. This precise question has not been briefed by the defendant and may thus be disregarded by the Division. Nevertheless, the Appeals Court has recently identified this question as an unresolved aspect of the § 102c procedure. It may be of some assistance, therefore, to the bench and bar to provide some guidance.
The problem arises from that portion of § 102c, the so-called Remand Statute, which states:
The Superior Court may of its own motion or on the motion of the plaintiff or defendant, after determination by said court that if the plaintiff prevails, there is no reasonable likelihood that recovery will exceed Seven Thousand, Five Hundred Dollars, transfer for trial ... to any district court . . . . '
The phrase “for trial” has been deemed to:
prescribe a trial with all the normal incidents of procedure in the District Court. Such a trial embraces compliance with the rules of evidence and actions upon requests for rulings . . . ‘the parties shall have the benefits and be subject to procedural rules of such district courts .... and all other procedural matters regulating cases pending in such district courts.’
Lubell v. First National Stores, Inc., supra at 165. An inference may be drawn from this statement that the words “for trial” envision and require a full scale, evidentiary adversary proceeding rather than a summary disposition upon pleadings or motions. The § 102c phrase “retransferred for determination by the Superior Court” has in fact been construed as a mandate for a “trial on the merits” in the Superior Court Department. Nuger Sales & Serv., Inc. v. Pioneer Credit Corp., 345 Mass. 249, 250 (1962).
If the word “determination” connotes an adjudication of a trial upon the merits, the word “trial” would appear to designate the same. The Appeals Court has in fact held that the § 102c language “transfer for trial” and “shall be tried” contemplates “atrial on the merits with all the normal incidents of such a trial, including either a finding for an assessment of damages in favor of the plaintiff or a finding for the defendant.” H. Sandberg & Son, Inc. v. Clerk of the District Court of Norfolk, Mass. App. Ct. , (1981).a
Whether a summary judgment constitutes a “finding or decision” was expressly raised in dicta by the Appeals Court in H. Sandberg. The court stated:
We leave to another day the question whether a District Court can dispose of a § 102c case on the merits short of trial, such as under Rule 56 of the District/Municipal Courts Rules of Civil Procedure (1975). We note, however, that the second sentence of the third paragraph of § 102c now reads: ‘The parties shall have the benefits of and be subject to the district-municipal courts rules of civil procedure.’
Ibid, at 1946. The short answer to the question flagged for future resolution by the Appeals Court may in fact be that in statutorily prescribing the operation of the Rules of Civil Procedure, the Legislature may have envisioned summary judgment in § 102c cases pursuant to Dist./Mun, Cts. R. Civ. P., Rule 56.
There is, of course, no question that a summary judgment constitutes a valid and binding adjudication of a claim with the ordinary res judicata effect. Wright Machine *166 Corp. v. Seaman-Andwall Corp., 364 Mass. 683, 693 (1974). It cannot be persuasively argued that a summary judgment is in some manner a second class judicial disposition; or that a litigant suffers any loss of procedural safeguards or constitutional guarantees when his claim or defense is evaluated under Rule 56. See Cefalu v. Globe Newspaper Co., Mass. App. Ct. , (1979).b Summary judgment is permissible only where the moving party has demonstrated “that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law.” See, e.g., Shapiro Equip. Corp. v. Morris & Son Construction Corp., 369 Mass. 968 (1976). Where an in depth exploration of a controversy in the form of testimony, cross-examination, etc. is required because of the existence of a material question of fact, summary judgment is precluded. See, e.g., Pupecki v. James Madison Corp. 376 Mass. 212, 218 (1978).
The purpose of summary judgment is “to separate what is formal or pretended in denial or averment from what is genuine, ’ ’ Doral Country Club, Inc. v. O’Connor, 355 Mass. 27, 30 (1968); in order “to avoid the delay and expense of a trial of facts where no substantial issue offact exists. "The Norwood Morris Plan Co. v. McCarthy, 295 Mass. 597, 600 (1936). In an age of escalating administrative costs, diminishing public funds, backlogs and docket congestion, and limited judicial resources, considerations of time and expense assume a greater significance in the management of the judicial system. Litigants equally benefit under Rule 56 by a reduction in potentially staggering attorney’s fees and court costs customarily attending protracted litigation, and by a prompt resolution of existing disputes. For these and other reasons, the Supreme Judicial Court has consistently held that summary judgment serves a “salutary purpose,” Albre Marble & Tile Co. v. John Bowen Co., 338 Mass. 394, 397 (1959); and that Rule 56 represents a “welcome, progressive addition to judicial procedure in this Commonwealth.” Community National Bank v. Dawes, 369 Mass. 550, 557 (1976). It may be noted that the recognized purpose for the legislative enactment of G.L. c. 231, § 102c was “to assist in solving the problem of congestion in Superior Court dockets.” McGloin v. Nilson, 348 Mass. 716, 718 (1965). See also O'Connell v. Burke, 36 Mass. App. Dec. 169, 177 (1967). In so doing, it is unlikely that the statutory procedure intended by the Legislature would preclude the utilization of a summary judicial mechanism and thus possibly contribute to docket congestion in the District Court Department.
On the basis of the foregoing judicial policy; apparent legislative intent, and pragmatic considerations, it would appear that a Dist./Mun. Ct. R. Civ. P., Rule 56 summary judgment constitutes a valid “decision or finding” in a district court disposition of a G. L. c. 231, § 102c transfer case.
There being no error in the trial court’s denial of the defendant’s “Motion in Opposition to the Plaintiff’s Request for Retransfer,” the report is dismissed.

So ordered

 Mass. App. Ct. Adv. Sh. (1981) 1943, 1945-1946.

 Mass. App. Ct. Adv. Sh. (1979) 1437, 1447-1448.