Jodrey, J.
.This is an action by Scelzi Electric Service, Inc., against Marvin Gilmóre d/b/a/ Lorna Realty Corp. for non-payment of $725.47 for electrical work allegedly performed by the plaintiff for the defendant.
Motions for summary judgment, supported by affidavits, were filed by both parties. After hearing, the judge denied defendant’s motion and allowed plaintiffs motion. The-defendant" appeals. ,. . ;
Summary judgment in the district courts is governed by Dist./Mun. Cts. R. Civ. P., Rule 56. The purpose of summary judgment is to make possible the prompt resolution of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved. Community Nat. Bank v. Dawes, 369 Mass. 550, 557 (1976). This procedure is intended “to separate what is formal or pretended in denial or averment from what is genuine,” Doral Country Club, Inc. v. O'Connor, 355 Mass. 27, 30 (1968), in order “to avoid the delay and expense of a trial of facts where no substantial issue of fact exists.” Norwood, Morris Plan Co. v. McCarthy, 295 Mass. 595 Mass. 597, 600 (1936).
Where an in-depth exploration of a controversy in the form of testimony, cross-examination, etc. is required because of. the existence of a material question of fact, summary judgment is precluded. Pupecki v. James Madison Corp. 376 Mass. 212, 218 (1978). Burkhardt v. Hartford Accident & Indemnity Company, 1982 Mass. App. Div. 163.
In passing upon a motion for summary judgment, a judge is required to accept the allegations of the opponent’s affidavit as true, and to view the evidence before him and all factual inferences therefrom in the light most favorable to the party against whom summary judgment is sought. Hub Associates, Inc. v. Goode, 357 Mass. 449 (1970). The court should consider not only such affidavits, but also the pleadings, and any depositions, answers to interrogatories, and admissions on file. Rule 56, supra.
The sole (ssue for our determination, as presented by the report, is whether the affidavit filed by the defendant Gilmore was sufficient to raise any *80 genuine issue of material fact with respect to his alleged liability to the plaintiff for- $725.47 for services rendered.
In thstt affidavit the defendant averred as follows:
1. At no time did I enter into any agreement for services with the plaintiff Scelzi Electric Services, Inc.
2. At no time were any materials or services provided to me by the plaintiff, as alleged in his complaint.
3. Upon information and belief, the plaintiff did contract with Lorna Realty Corporation to provide it with those services alleged in its complaint to have been provided to me.
4. There is\ now pending before this court (Civil Action No. 1801/83) an action brought by Lorna Realty Corporation against the plaintiff Scelzi Electric Services, Inc., for negligence and breach of contract in the performance of those services.
5. In its answer to that action the plaintiff has admitted that its contract was with Lorna Realty Corporation.
.In order for the plaintiff to prevail in its action against the defendant, the plaintiff must prove, among other things, that the contract was in fact between the plaintiff and Gilmore and that the plaintiff did provide materials and services to this defendant. These genuine issues of material fact are raised in the defendant’s affidavit. It was reversible error for the judge to allow the plaintiffs motion for summary judgment. We vacate that judgment and remand the matter to the trial court for trial.