Gershengorn, J.
INTRODUCTION
This matter is before the Court on a motion by the defendant, Subaru of New England, Inc. (“SNE”), for summary judgment pursuant to Mass.R.Civ.P. 56(b) and (d), or, in the alternative, for dismissal pursuant to Mass.R.Civ.P. 12(b)(1).[1] The plaintiff, Subaru of Wakefield (“Wakefield”) alleges that SNE committed unfair and deceptive acts or practices in violation of G.L.c. 93B (the statute governing the Regulation of Business Practices Between Motor Vehicle Manufacturers, Distributors, and Dealers) by appointing a new dealer within Wakefield’s relevant market area without complying with the statutory procedures set forth in G.L.c. 93B, §4(3)(1). SNE moves for summary judgment contending that even assuming all of the factual allegations in Wakefield’s complaint to be true, its claims are barred by a release of claims provision incorporated in the dealership agreement executed by the parties in 1998. Wakefield opposes the motion asserting, among other things, that a party cannot release by contract its statutory duties and obligations. For the reasons discussed below, SNE’s motion for summary judgment is ALLOWED.
BACKGROUND
The summary judgment record, when considered in the light most favorable to Wakefield as nonmoving party, indicates the following:
SNE is the authorized distributor for new Subaru vehicles and products. Wakefield first became an authorized Subaru dealer pursuant to a dealership agreement which the parties executed in 1991. On or about February 1995, CitySide Subaru commenced doing business at the Arlington point as the authorized successor to Milla’s Subaru, a dealership that had gone out of business in 1993. For purposes of this motion, it is undisputed that SNE failed to give Wake-field written notice of its intent to appoint an additional Subaru dealer as required by G.L.c. 93B, §4(3)(1).
In early 1996, SNE did provide Wakefield with formal written notice pursuant to G.L.c. 93B, §4(3)(1) that SNE intended to approve another dealer, Ira Subaru’s, application to relocate its dealership from Salem to Danvers. Wakefield invoked its right of protest under G.L.c. 93B to Ira’s proposed relocation. SNE filed suit in the Norfolk Superior Court (“the Norfolk case”) seeking a declaratory judgment that Wakefield had no standing to challenge the relocation, or, in the alternative, that the relocation was lawful and proper under G.L.c. 93B, §4(3)(1). Wakefield counterclaimed and requested injunctive relief restraining Ira Subaru’s proposed move.
By August 1996, as a result of the Norfolk case and other circumstances, it is undisputed that Richard Kalika, president and chief stockholder of Wakefield, became fully aware of his current claim in this action that SNE should have provided him with formal notice prior to CitySide’s appointment pursuant to G.L.c. 93B. On April 1, 1998, after several months of negotiations, the parties executed the 1998 dealership agreement, which like the previous dealership agreements, incorporated by reference “Subaru ofAmerica’s Dealership Agreement and Standard Provisions.” Section 18.10 of the Standard Provisions is captioned “Release of Claims.” Its full text is as follows:
§18.10 Release of Claims. The Agreement supersedes, as of the beginning of its term, all prior Subaru dealership agreements, if any, entered into by Dealer. To the extent not prohibited by applicable law, the parties hereto release any and all claims of any kind and nature whatsoever arising from or out of or in connection with any such prior agreement(s), provided, however, that this shall not be deemed a release of any unsatisfied account balances between the parties thereto, any claims for indemnification of the nature described in Sections 10.5, 13.2, 17.1 or 17.2 hereof, or any claims asserted in legal actions or proceedings then pending and involving the parties hereto. If the foregoing release of claims provision is deemed or rendered ineffective under applicable law as to either Dealer or Distributor, then such provision shall be deemed ineffective as to both Distributor and Dealer.
Wakefield filed this action on or about February 1999.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the *526 summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where, as here, the moving party does not bear the burden of proof at trial, it may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an-essential element of the nonmov-ing party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact in order to defeat the motion. Pederson, supra at 17.
In its complaint, Wakefield alleges that SNE violated G.L.c. 93B, §4(3)(1) by appointing an additional motor vehicle dealer in the Town of Arlington without giving the requisite statutory notice to all Subaru dealers within twenty miles of the proposed site, including Wakefield, and allowing them to follow the statutory procedure to determine whether such appointment was arbitrary. See Ricky Smith Pontiac, Inc. v. Subaru of New England, Inc., 14 Mass.App.Ct. 396, 403 (1982). SNE contends that Wakefield’s claims are barred by §18.10 of the Standard Provisions incorporated in the 1998 dealership agreement which released the parties from any and all claims of any kind whatsoever arising out of any prior agreements with the exception of any pending legal actions, e.g., the Norfolk case.
In his deposition, Kalika concedes that by August 1996, he was fully aware of all of the information upon which he bases his current claim in this action that the appointment of CitySide Subaru was in violation of c. 93B. (Kalika Dep., p. 190-93). Kalika also concedes that he knew that §18.10 of the Standard Provisions now in controversy, captioned “Release of Claims,” was incorporated by reference and contained binding obligations when he signed the dealership agreement on April 1, 1998. (Kalika Dep., p. 151). Thus, the only question before this court is whether Wakefield’s c. 93B claim which was filed on or about February 1999, is barred by §18.10.
Relying on Henry v. Mansfield Beauty Academy, 353 Mass. 507, 511 (1968), Wakefield contends that “a [release] cannot serve to shield [a] defendant from responsibility for violation of a statutory duty.” See also Zavras v. Capeway Rover Motorcycle Club, Inc., 44 Mass.App.Ct. 17, 19 n.3 (1997); Gonsalves v. Commonwealth, 27 Mass.App.Ct. 606, 608 (1989). Such a release will not be given its literal effect if its enforcement would prospectively relieve a party of a statutory duty or obligation. White Construction Co., Inc. v. Commonwealth, 11 Mass.App.Ct. 640, 647 (1981) (provision in a contract between the Commonwealth and an architectural firm for design and construction supervision services which unconditionally released the architect from all liability, including design errors, before construction had even begun was unenforceable as inconsistent with statutory requirements).
The release in the present case, however, does not purport to do that which it cannot do — prospectively waive statutory duties and obligations. If § 18.10 was an agreement in advance to waive a statutory right it would be unenforceable since such a waiver would destroy the very purpose of the statute in question. Spence v. Reeder, 382 Mass. 398, 413 (1981). Section 18.10, however, provides, in relevant part, that “the parties hereto release any and all claims of any kind and nature whatsoever arising from or out of or in connection with any such prior agreement(s) . . . [except] any claims in legal actions or proceedings then pending.” (emphasis added). It is undisputed that Wakefield knew about SNE’s alleged c. 93B violation involving CitySide Subaru’s appointment by August 1996, prior to execution of the dealership agreement containing the release in April 1998. The rule announced in Henry is, therefore, not applicable to the facts in this case since the statutory violation occurred and was known to all parties prior to execution of the release in April 1998. In its motion for summary judgment, SNE is really asking this court to enforce a release provision contained in a contract entered into by sophisticated business parties after several months of negotiation. If any exclusion from the scope of the release were intended, it would have to be stated. Schuster v. Baskin, 354 Mass. 137, 140 (1968).
Because the court finds the language of the release unambiguous, Wakefield’s additional arguments in opposition to SNE’s motion are moot. A release which is unequivocal in its terms cannot be explained by parol evidence. Radovsky v. Wexler, 273 Mass. 254, 258 (1930).
ORDER
For the foregoing reasons, it is ORDERED that the defendant’s motion for summary judgment be ALLOWED.

 Because the court’s ruling takes into account factual material outside the pleadings (i.e., the parties’ affidavits), the court will treat defendant’s motion as one for summary judgment pursuant to Mass.R.Civ.P. 56(b), 365 Mass. 824 (1974). Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 292 (1985).