Rufo, J.
The plaintiff seeks relief under Dist./Mun. Cts. R. A. D. A., Rule 8C, from a decision of a trial judge denying her request for retransfer to the Superior Court Department and from a trial judge’s findings and ultimate dismissal of her complaint under Mass. R. Civ. R, Rule 37 (b) (2) (C) for failure to comply with a trial judge’s order to file responsive answers to defendant’s interrogatories.
The plaintiff initiated her action in the Superior Court Department in February, 2001 and the action was remanded to the District Court Department, Hingham Division in March, 2001. Shortly thereafter, the plaintiff brought a motion in Superior Court to revoke the remand to the District Court which was denied on March 26,2001 wherein the court noted: “(i)n cases where at least dual court jurisdiction exists, the Superior Court requires proof of likelihood of exceeding the jurisdictional amount except in equitable relief situations.” In April, 2001, the matter was retransferred to the Superior Court Department for the purpose of convening a G.L.c. 231, §60B medical tribunal. The tribunal entered a finding that the plaintiff’s offer of proof was not sufficient and the case was retransferred to the District Court Department, Hingham Division, in November, 2001 for further proceedings.
The defendant served interrogatories on the plaintiff in March, 2002 and upon receipt and review of the plaintiff’s responses, the defendant sought and obtained an order compelling discovery in accordance with the procedure outlined in Mass. R. Civ. R, Rule 37 (a) (2). The plaintiff had refused to answer interrogatories by conditioning her obligations to answer upon the defendant specifying in what legal capacity he was asking the questions. The plaintiff had alleged that due to a lack of clarify as to the identify of the interrogator, she was not able to respond to a number of defendant’s interrogatories. After a hearing, the trial judge entered an order on June 4, 2002, that “the interrogator was clearly identified and that the defendant’s motion to dismiss would be allowed unless the plaintiff filed and served responsive answers to defendant’s interrogatories by not later than July 5, 2002.” Thereafter, the plaintiff served the defendant with further responses to interrogatories and after review, the defendant filed a motion to dismiss plaintiff’s complaint for failure to comply with the court’s order of June 4,2002.
The plaintiff had previously filed a request for retransfer to the Superior Court Department which was decided simultaneously with the defendants’s motion to dismiss on July 25, 2002. After hearing, on July 25, 2002, the court entered an order denying plaintiff’s request for retransfer to the Superior Court and the trial judge issued findings that the plaintiff’s answers to interrogatories were not responsive and were in violation of the court’s June 4, 2002 order. The plaintiff’s complaint was dismissed and judgment entered for the defendant under Mass. R. *112 Civ. R, Rule 58. We agree with the trial court’s rulings denying plaintiff’s request for retransfer to the Superior Court Department and affirm the court’s decision to dismiss the plaintiff’s complaint under Mass. R. Civ. P., Rule 37(b) (2) (C).
A party who suffers a dismissal for failure to take a required procedural step, such as filing responsive answers to interrogatories, forfeits the right to retransfer their action to the Superior Court under G.L.c. 231, §102C.[1] See H. Sandberg & Son, Inc. v. Clerk of the District Court of the Northern District, 12 Mass. App. Ct. 686 (1981). A contrary holding would encourage sloppiness and/or defiance of a party’s discovery obligation by permitting the offending party to by-pass the District Court thereby undermining the purpose of the remand-retransfer provisions of G.L.c. 231, §102C. The decided cases have uniformly considered that the words “transfer for trial” which appear in the first paragraph of §102C and the words “shall be tried” which appear in the third paragraph of that section contemplate a trial on the merits with all the normal incidents of such a trial, including either a finding for and an assessment of damages in favor of the plaintiff or a finding for the defendant. Lubell v. First Natl. Stores, Inc., 342 Mass. 161 (1961); Henry v. Mansfield Beauty Academy, Inc., 353 Mass. 507 (1968).
The remand and removal system governing the flow of cases between the District Court and the Superior Court has with some justification been described as cumbersome and elaborate. See Bender v. Automotive Specialties, Inc., 407 Mass. 31 (1990); Perlin & Connors, Handbook of Civil Procedure in the Massachusetts District Court §2.1, at 38 (3rd ed. 2003). The dual purposes of the system are to square the right conferred by art. 15 of the Massachusetts Declaration of Rights to a jury trial in civil cases — such trials are not available in the District Court except in some counties on an experimental basis and except in small claims appeals — with relieving congestion in the Superior Court. Bender v. Automotive Specialties, Inc., supra at 35. The flow of cases between those divisions of the Trial Court is governed by §§102C, 103, and 104 of G.L.c. 231. Section 102C authorizes Superior Court judges to remand to the District Court cases in which there is no reasonable likelihood that recovery will exceed $25,000. That section also enables litigants disappointed by a District Court disposition to “retransfer” to the Superior Court for a second trial, this time before a jury, provided the party so requesting has preserved that right. We conclude that a plaintiff who has suffered a dismissal of a §102C case for failure to comply with a trial judge’s order to file responsive answers to defendant’s interrogatories has no right to have her case retransferred to the Superior Court. The sanction of dismissal suffered by the plaintiff in this instance did not result in a written decision or finding from either a trial or procedure such as summary judgment available under the Massachusetts Rules of Civil Procedure. Absent a final disposition of the matter, the District Court is without authority to retransfer a remanded matter. H. Sandberg & Son, Inc. v. Clerk of the District Court of the Northern District, supra.
*113 We now consider the appropriateness of the dismissal of the plaintiffs complaint. The trial judge considered the situation as one arising under Rule 37(b) (2) (C),[2] which authorizes a judge, when confronted by a party who fails to obey an order to provide or permit discovery, to “make such orders in regard to the failure as are just, and among others ... [a]n order striking out pleadings or parts thereof... or rendering a judgment by default against the disobedient party.” Keene v. Brigham and Women’s Hospital, Inc., 439 Mass. 223 (2003). The plaintiff, in effect, refused to answer interrogatories by conditioning her obligations to answer upon the defendant specifying in what legal capacity he was asking the questions. There is no requirement in law that he do so, and the plaintiffs conditional refusal to answer is nonetheless a refusal. The plaintiff also raises on appeal that more than thirty questions were asked without leave of court. Mass. R. Civ. R, Rule 33(a)(2). See Norfolk County Trust Company v. Vichinsky, 5 Mass. App. Ct. 768 (1977). The plaintiff had alternative remedies where she might have sought relief from the court by way of a motion to strike the interrogatories and/or obtaining a protective order regarding her obligation to respond to an excessive number of interrogatories, (see Mass. R Civ. E, Rule 33) Compliance with the rules of civil procedure is not accomplished if the parties make of answers to interrogatories some kind of game. Partlow v. Hertz Corp., 370 Mass. 787 (1976). Understanding that the dismissal of the plaintiffs complaint was not a trivial sanction, this result was occasioned by the plaintiffs failure to comply with the trial judge’s order regarding her responsibility to conduct litigation in compliance with the rules of civil procedure. Partlow, supra.
A judge has wide latitude to make such orders regarding the failure to comply with a proper discovery order and on this record it cannot be said the trial judge acted whimsically, capriciously, arbitrarily or idiosyncratically. Atlas Tack Corp. v. Donabed, 47 Mass. App. Ct. 221 (1999). In an effort to increase compliance with discovery orders, wilful noncompliance was eliminated in 1984[3] as a prerequisite to the imposition of sanctions including dismissal of a complaint. Gos v. Brownstein, 403 Mass. 252 (1988). It is within the limits of due process to dismiss a complaint because of a plaintiffs noncompliance with a trial judge’s order where the failure to comply is not due to an inability to comply. Roxse Homes Ltd. Partnership v. Roxse Homes, Inc., 399 Mass. 401 (1987). From the record in this case, it is implicit and warranted to conclude that the judge’s determination that dismissal of the plaintiff’s complaint was the appropriate sanction. The trial judge afforded the plaintiff an opportunity for a hearing concerning her reasons for failure to file responsive answers to the defendant’s interrogatories. Subsequent to the hearing, the judge issued a written order to the effect that the plaintiff’s complaint would be dismissed unless plaintiff made responsive answers to the defendant’s interrog *114 atories by a date certain. In response to the defendant’s motion on plaintiffs failure to comply with the court’s order, the trial judge convened yet another hearing resulting in written findings and dismissal of the plaintiff’s action. Findings of fact or conclusions of law are not required for review of the allowance of a Mass. R. Civ. P. Rule 37(b) motion for sanctions. Greenleaf v. M.B.T.A., 22 Mass. App. Ct. 426, at 431 (1986). The plaintiff did not have an inability to comply with the judge’s order as the information requested was within her knowledge and control and the judge had previously ruled on the plaintiff’s stated reasons for her refusal to answer. The plaintiff elected to continue a course of conduct with respect to her failure to file responsive answers to defendant’s interrogatories despite the judge’s prior rulings and order. Bearing in mind the sanction of dismissal requires more careful scrutiny so as to safeguard due process requirements, we find that the trial judge was well within his discretion to dismiss the plaintiff’s complaint for failure to comply with an order of the court under Mass. R. Civ. R, Rule 37 (b) (2) (C).
The judgment of the trial court is affirmed and the appeal is dismissed.
So ordered.

 The third paragraph of §102C provides: Such action shall, unless retransferred as hereinafter provided, be pending in the court to which it was transferred and shall be tried by a justice sitting in said court. The parties shall have the benefits of and be subject to the district-municipal courts rules of civil procedure. Such action while pending in said court may be consolidated for trial with cross actions as provided in section two A of chapter two hundred and twenty-three. The justice shall file a written decision or finding with the clerk who shall forthwith notify the parties or counsel of record. Any party to the transferred action aggrieved by the finding or decision may as of right have the case retransferred for determination by the superior court and any party to an action consolidated for trial with the transferred action aggrieved by the finding or decision may as of right have his case transferred for determination by the superior court.

 The relevant provision of Mass. R. Civ. R, Rule 37 (b) (2) (C), states: (b) Failure to Comply With Order. (2) Sanctions by Court in Which Action is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b) (6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

 Neither Fed. R Civ. R, Rule 37(b), nor Mass. R Civ. R, Rule 37(b), requires that a party’s failure to comply with a court order be wilful before sanctions may be imposed. Effective January 1,1984, Mass. R Civ. R, Rule 37 (b) was amended to be consistent with Fed. R Civ. R, Rule 37 (b), upon which it was patterned. See 390 Mass. 1208 (1984).